IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EFRAIN B.,[1] | ) |
|       Plaintiff, | ) |
|   v. | ) No. 22 C 1309 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) Magistrate Judge Maria Valdez |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Efrain B.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On August 23, 2019, Plaintiff filed claims for DIB and SSI, alleging disability since January 12, 2017. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on May 10, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On September 15, 2021, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 12, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease in the cervical, thoracic, and lumbar spine; bilateral carpal tunnel syndrome; degenerative joint disease of the left knee; obstructive

sleep apnea; obesity; anxiety disorder; major depressive disorder; and intermittent explosive disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can stand/walk four hours in an eight-hour workday; can frequently push and pull with all extremities and can frequently handle and finger bilaterally; can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; can frequently balance and occasionally stoop, kneel, crouch, and crawl; can have no exposure to unprotected heights or moving mechanical parts; can be in humidity and witness occasionally, as well as have occasional exposure to dust, odors, fumes, pulmonary irritants, and extreme cold; is restricted to understanding, remembering, and carrying out simple, routine, and repetitive tasks; is able to interact with supervisors frequently but coworkers and the public only occasionally; and is able to be exposed to no more than occasional changes in the job setting. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as an airport utility worker. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

# DISCUSSION

## I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

**III. ANALYSIS**

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in evaluating the medical opinions; (2) the ALJ's RFC assessment was not supported by substantial evidence; and (3) the ALJ's symptom evaluation was not supported by substantial evidence.

In advancing his third argument, Plaintiff contends that the ALJ's decision is deficient because it "lacked a formal evaluation of [Plaintiff's] subjective symptoms" and the ALJ failed to "provide reasons for his conclusion about Plaintiff's symptoms." (Pl.'s Br. at 13.) In his decision, the ALJ summarized Plaintiff's alleged symptoms at length. (R. 22-23.) The ALJ then offered the following boilerplate statement:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the evidence does not support the full extent of the alleged loss of functioning.

(*Id.* at 23-24.) The ALJ did not otherwise specifically address Plaintiff's subjective symptoms whatsoever.

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, it is "well-settled law that mere

7

boilerplate statements and conclusions cannot support an ALJ's decision, and an ALJ must set forth 'specific reasons' for discounting subjective reports of symptoms." *Andrew D. v. Kijakazi*, No. 20 C 6091, 2023 WL 2683468, at *3 (N.D. Ill. Mar. 29, 2023) (citations omitted). Accordingly, an ALJ errs when she "uses boilerplate without specifying the reasons for discounting symptoms." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Further, "an evidentiary summary is not adequate to support a symptom analysis." *Frazier v. Berryhill*, No. 17 C 8484, 2019 WL 157911, at *6 (N.D. Ill. Jan. 10, 2019) (citations omitted).

Under this legal framework, the ALJ erred in this case as he provided no specific reasons for apparently rejecting Plaintiff's allegations. *See Andrew D.*, No. 2023 WL 2683468 at *3 ("The ALJ did not sufficiently discuss how the record evidence undermined Claimant's credibility nor did she adequately explain which allegations were not supported by the medical evidence."); *Grose v. Kijakazi*, No. 21 C 5866, 2023 WL 2572453, at *7 (N.D. Ill. Mar. 20, 2023) ("The ALJ failed to explain where the objective medical record did not support the severity of Grose's symptoms as alleged. He fell back, instead, on boilerplate language. . . . But there are not reasons given. The ALJ must adequately connect his detailed review of the facts in the record with the conclusions reached in the RFC assessment."). The ALJ's error in that regard requires that this matter be remanded. *See Frazier*, 2019 WL 157911 at *8 ("Remand is therefore required so that the ALJ can build a logical bridge between the record and her evaluation of the symptoms that Frazier described.").

8

With respect to the ALJ's RFC assessment, Plaintiff also argues that the ALJ failed to sufficiently account for Plaintiff's difficulties with standing and walking. Pertinent to that topic, as stated above, the ALJ determined that Plaintiff retained the residual functional capacity to "stand/walk four hours in an eight-hour workday." (R. 21.) However, in his decision, the ALJ noted Plaintiff's testimony that "he can stand for 15-20 minutes but then his legs start to fall asleep" and "he can walk about ½ of a block but then his knees have a grinding sensation." (*Id.* at 23.) The ALJ further noted Plaintiff's reports that "[h]is pain is constant through the whole spine so he has to be careful standing up." (*Id.* at 22.) The ALJ also noted Plaintiff's testimony that he "has been developing more pain and he needs [a] cane due to pain and losing balance." (*Id.* at 23.) With resect to the medical opinions, the ALJ noted Plaintiff's primary care provider's opinion that Plaintiff "could stand/walk less than two hours in an eight-hour workday." (*Id.* at 29.)

In determining that Plaintiff retained significant standing and walking abilities despite this testimony and evidence, the ALJ offered the following statement:

> [T]he record certainly reflects varying examination findings in the context of the clear objective deficits throughout various areas of the claimant's musculoskeletal system. The record does not reflect that the claimant has an inability to engage in certain activities, including standing/walking, although there is consistency that these areas are limitation [sic]. Accordingly, I find that the claimant is limited to a range of light work but that this range of work is significantly limited to no more than four hours of standing/walking per day.

(R. 25-26.) The Court finds that the ALJ's limited and generalized analysis falls short of what is required to sufficiently address Plaintiff's standing and walking

9

difficulties. The ALJ's statement that the "record does not reflect that the claimant has an inability to engage in certain activities" is vague and does not constitute a sufficient explanation of how the ALJ determined that Plaintiff has the ability to stand and walk for four hours in an eight-hour workday. *See Nam v. Saul*, No. 19-CV-7832, 2020 WL 6781800, at *4 (N.D. Ill. Nov. 18, 2020) ("Since there is insufficient explanation of how the ALJ reached her conclusion that Plaintiff can do light work including walking, sitting, or standing for a period sufficient for work in light of the preceding evidence, we conclude the ALJ failed to build the requisite logical bridge from the evidence to her conclusion."). The ALJ's failure to build the requisite logical bridge between the evidence and his conclusion as to Plaintiff's standing and walking abilities is another issue requiring that this matter be remanded. *See Steven W. v. Kijakazi*, No. 20 C 07028, 2023 WL 2683446, at *7 (N.D. Ill. Mar. 29, 2023) ("These [medical] records may have formed the basis of the ALJ's decision to reject the walking and standing limitations assessed by Dr. Gill, but it is not for this Court to guess at the reason – the ALJ must explain it and provide a logical bridge that the Court can evaluate."); *Brown v. Berryhill*, No. 16 CV 50389, 2018 WL 1635848, at *4 (N.D. Ill. Apr. 2, 2018) ("In sum, the ALJ's five reasons in this paragraph fail to offer a logical bridge from the evidence to the specific RFC conclusions about plaintiff's standing, walking, and lifting abilities for extended periods over the workday.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the medical opinion evidence is properly evaluated, the entirety of Plaintiff's RFC is properly derived, and Plaintiff's subjective symptoms are adequately assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*Maria Valdez* (signature)

**DATE:    April 27, 2023**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**